# IN THE MATTER OF THE PETITION OF JEW YUEN MOW FOR A WRIT OF HABEAS CORPUS.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JANUARY 17, 1911.         DECIDED JANUARY 19, 1911.

### HARTWELL C.J., PERRY AND DE BOLT, JJ.

COSTS—*municipal officer exempt from.*

> In causing the arrest and detention of the petitioner for a writ of habeas corpus the respondent having acted, in good faith, in his official capacity as sheriff of the City and County of Honolulu on behalf of the City and County, costs may not be taxed against the respondent even though the petitioner is ordered discharged from custody.

### OPINION OF THE COURT BY PERRY J.

The appeal in this case is from an order under a writ of habeas corpus discharging the petitioner from the custody of the respondent and requiring the latter to pay the costs, taxed at

$10. The petitioner having been subsequently taken to the State of California under extradition process and being now without this jurisdiction, the only question argued under the appeal is the correctness of the order relating to costs. In view of the provisions of Section 1 of Act 63 of the Laws of 1907 costs cannot be taxed against the respondent. That section reads: "Neither the Territory nor any County or Municipality thereof or any officer acting in his official capacity on behalf of the Territory or any County or Municipality thereof, shall be taxed costs or required to pay the same or file any bond or make any deposit for the same in any case." In the petition the allegation is that the respondent is restrained of his liberty by "William P. Jarrett, Esquire, Sheriff of the City and County of Honolulu, Territory of Hawaii, at and in that certain place known as the police station in said Honolulu, Territory aforesaid," and the prayer that the writ be issued directed to "William P. Jarrett, Esquire, Sheriff of the City and County of Honolulu, Territory of Hawaii." The writ is addressed to "William P. Jarrett, Esq., Sheriff of the City and County of Honolulu, Territory of Hawaii." The return is by Jarrett, "Sheriff of the City and County of Honolulu, Territory of Hawaii" and alleges inter alia that he, "as Sheriff of the City and County of Honolulu, Territory of Hawaii," caused the arrest and detention of the petitioner "awaiting the arrival of a requisition from the Governor of the State of California for the return to the State of California of the said" petitioner to there answer to a charge of embezzlement which had been made against him in one of the judicial tribunals of that State. In his oral traverse the petitioner "admits that the said respondent as Sheriff of the City and County of Honolulu did cause your said petitioner to be arrested,' and that "the said respondent, Sheriff as aforesaid, continued to so detain your said petitioner" until a time stated.

The language of the statute is plain. No officer acting in his official capacity on behalf of the City and County may be taxed

costs in *any* case. The facts, as far as they are material to the issue now under consideration, are undisputed. The respondent was the sheriff of the City and County of Honolulu and in arresting and detaining the petitioner acted, in good faith, in his official capacity on behalf of the City and County. That he erred, if he did, as to his power or his duty to arrest and detain the petitioner under the circumstances of the case, does not render the statute inapplicable. The exemption from costs necessarily contemplates, in some cases at least, judgment adverse to the official. Such a judgment is ordinarily a prerequisite to an adverse order as to costs.

The appeal from the judgment as a whole sufficiently presents the issue of the correctness of that part of the judgment relating to costs irrespective of whether or not the same issue might have been raised by a motion in the trial court to stay execution and an appeal from the order made upon such motion or in any other method.

The order requiring the respondent to pay costs is set aside and the cause is remanded to the circuit judge for such further proceedings, if any, as may be appropriate.

*C. H. McBride* for petitioner.

*F. W. Milverton,* Deputy City and County Attorney (*J. W. Cathcart,* City and County Attorney, with him on the brief), for respondent.